133 Nev., Advance Opinion 50

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH RENFROE,
Appellant,
vs.
LAKEVIEW LOAN SERVICING, LLC,
Respondent.

No. 68907

**FILED**

JUL 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing an action to quiet title. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

*Reversed and remanded.*

Noggle Law, PLLC, and Robert B. Noggle, Las Vegas,
for Appellant.

Akerman, LLP, and Darren T. Brenner and Natalie L. Winslow, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

NRS 116.3116 provides homeowners' associations (HOAs) a superpriority lien on up to nine months of unpaid HOA dues. In *SFR Investments Pool 1 v. U.S. Bank*, this court concluded that a lien pursuant to NRS 116.3116 is "a true priority lien such that its foreclosure

17-24925

extinguishes a first deed of trust on the property." 130 Nev., Adv. Op. 75, 334 P.3d 408, 409 (2014). The primary issue presented in this case is whether the provisions of NRS 116.3116 are preempted by federal law when the first deed of trust on the property is insured through the Federal Housing Administration (FHA). We conclude that because the FHA insurance program specifically contemplates that lenders may be subject to superpriority liens such as those provided in NRS 116.3116, the preemption doctrine does not apply in these circumstances.

## BACKGROUND

Homeowners Brian and Jennifer Ferguson bought a home in Las Vegas in 2008 using a mortgage insured through the FHA insurance program. The promissory note and deed of trust were eventually assigned to respondent Lakeview Loan Servicing, LLC (Lakeview).

In 2013, the Fergusons' HOA initiated foreclosure proceedings pursuant to NRS 116.3116. Appellant Kenneth Renfroe purchased the property at a foreclosure sale on April 18, 2014. Renfroe subsequently filed suit to quiet title to the property.

Lakeview filed a motion to dismiss, arguing that the NRS Chapter 116 foreclosure sale of federally insured property was void under the Supremacy Clause of the United States Constitution. The district court granted the motion. Renfroe appeals.

## DISCUSSION

*Preemption doctrine*

The preemption doctrine stems from the Supremacy Clause of the United States Constitution, which provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States,

shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. Therefore, "state laws that conflict with federal law[s] are without effect." *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008) (internal quotations omitted). "Whether state law is preempted by a federal statute or regulation is a question of law, subject to our de novo review." *Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) (internal footnote omitted).

Courts have identified two types of preemption: express and implied. *Id.* at 371, 168 P.3d at 79. "Congress expressly preempts state law when it explicitly states that intent [to do so] in a statute's language." *Id.*

When a law does not state explicit intent to preempt state law, preemption may be implied under the doctrines of field preemption or conflict preemption. *Id.* "[U]nder field preemption, preemption is implied when congressional enactments so thoroughly occupy a legislative field, or touch a field in which the federal interest is so dominant, that Congress effectively leaves no room for states to regulate conduct in that field." *Id.* Conflict preemption applies when a direct conflict exists between federal and state law. *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988). This court has explained that:

> Conflict preemption analysis examines the federal statute as a whole to determine whether a party's compliance with both federal and state requirements is impossible or whether, in light of the federal statute's purpose and intended effects, state law poses an obstacle to the accomplishment of Congress's objectives.

 

*Nanopierce*, 123 Nev. at 371-72, 168 P.3d at 80; *see also Munoz v. Branch Banking & Tr. Co., Inc.*, 131 Nev., Adv. Op. 23, 348 P.3d 689, 692-93 (2015).

In the instant case, Renfroe and Lakeview agree that neither express preemption nor field preemption apply. Accordingly, this court must determine whether a direct conflict exists between the provisions of the FHA insurance program and NRS 116.3116.

### NRS 116.3116

NRS 116.3116(2) gives HOAs a superpriority lien on an individual homeowner's property for up to nine months of unpaid HOA dues. NRS 116.31162 through NRS 116.31168 further provide a statutory scheme through which a Nevada HOA may initiate and pursue foreclosure. In *SFR Investments*, this court concluded that a lien pursuant to NRS 116.3116 "is a true priority lien such that its foreclosure extinguishes a first deed of trust on the property" and it can be foreclosed nonjudicially. 130 Nev., Adv. Op. 75, 334 P.3d at 409.

### The FHA insurance program

The Single Family Mortgage Insurance Program, commonly referred to as "FHA insurance," allows the Department of Housing and Urban Development (HUD) "to insure home loans extended by private lenders to enable low to moderate income buyers to purchase a home." *Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 980 (C.D. Cal. 2000). The FHA insurance program implements "the National Housing Act's strong policy in favor of encouraging private investment in housing." *Angleton v. Pierce*, 574 F. Supp. 719, 736 n.22 (D.N.J. 1983).

Through the FHA insurance program, if a HUD-insured mortgage goes into default, a private lender has two options. First, the lender may "assign the first-position mortgage interest to HUD before foreclosure and make a claim for the remaining principal amount," or second, the lender may "initiate foreclosure and make a claim for the deficiency." *JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1166 (D. Nev. 2016) (citing 24 C.F.R. §§ 203.350, 203.351, 203.401 (2016)). However, any insurance through HUD is terminated where "[t]he property is bid in and acquired at foreclosure by a party other than the mortgagee." 24 C.F.R. § 203.315(a)(2)(i) (2015); *see also* 24 C.F.R. § 203.315(b)(2) (2015); 24 C.F.R. § 203.366(b) (requiring a lender to provide marketable title to HUD to be reimbursed under the terms of the insurance program).

When HUD acquires property pursuant to these guidelines, federal regulations require it "to dispose of properties in a manner that expands homeownership opportunities, strengthens neighborhoods and communities, and ensures a maximum return to the mortgage insurance funds." 24 C.F.R. § 291.1(a)(2) (2015). However, the FHA has repeatedly indicated that its goal remains to "help[ ] borrowers retain homeownership while protecting the FHA Insurance Fund from unnecessary losses." Office of the Assistant Sec'y for Hous., U.S. Dep't of Hous. and Urban Dev., Mortgagee Letter 2010-04, *Loss Mitigation for Imminent Default*, at *1 (Jan. 22, 2010). Therefore, when a borrower defaults, a lender insured by HUD is required to pursue nonforeclosure options, such as deeds in lieu of foreclosure, preforeclosure sales, partial claim, assumptions, special forbearance, or mortgage modification. 24 C.F.R. § 203.501 (2015).

On September 22, 2002, HUD issued Mortgagee Letter 2002-19, specifically addressing the issue of the responsibility of a HUD-insured mortgagee to pay HOA fees. The letter stated:

> At this time, condominium and homeowners' association (HOA) fees are not required escrow items for FHA-insured single-family mortgages. Therefore, payment of condo/HOA fees as they become due is the mortgagor's responsibility. When the mortgagor defaults and foreclosure action becomes necessary, lenders must name and properly serve HOAs and condominium associations in the foreclosure proceedings in order to eliminate or reduce HUD's responsibility for unpaid condominium/HOA fees. *Further, lenders must take any action necessary to protect HUD's interest in the property against foreclosure actions brought by a condominium/HOA.*
>
> . . . .
>
> *Condominium/HOA fees paid by the lender are 100 percent reimbursable to the lender in accordance with 24 CFR 203.402(j).* Lenders may also claim reimbursement for penalties, interest, and/or late fees incurred by the former mortgagor and paid by the lender.

Assistant Sec'y for Hous., U.S. Dep't of Hous. and Urban Dev., Mortgagee Letter 2002-19, *Clarification Regarding Title Approval Issues, Property Condition at Conveyance, Administrative Offsets and New Process for Lender Appeal of Conveyance Issues*, at *2-3 (Sept. 20, 2002) (emphases added).

On May 31, 2013, HUD issued Mortgagee Letter 2013-18, which clarified the responsibility of mortgagees to pay HOA assessments, and superseded some of the administrative requirements of Mortgagee Letter 2002-19. Office of the Assistant Sec'y for Hous., U.S. Dep't of Hous. and Urban Dev., Mortgagee Letter 2013-18, *Updated Clarification*

*Regarding Title Approval at Conveyance*, 2013 WL 2448985, at 2-3 (May 31, 2013). The letter primarily clarifies the procedure for mortgagees to negotiate and pay any delinquent HOA assessments prior to conveying the property at issue to HUD. *Id.* Mortgagee Letter 2013-18 clearly anticipates that mortgagees retain their responsibility under Mortgagee Letter 2002-19 to protect the title of the insured property. *Id.* (noting that "mortgagees are responsible for ensuring that properties conveyed to HUD have clear title"). With respect to states allowing superpriority status to an HOA, the letter reiterates that HUD will reimburse mortgagees for payment of HOA assessments between the date of the homeowner's default and the date of the conveyance of the property to HUD. *Id.; see also* 24 C.F.R. § 203.402(j) (2015) (allowing reimbursement of HOA fees paid by mortgagees of HUD-insured properties).

As discussed above, if a mortgagee fails to protect its interest and loses title to the property at issue, any contract of insurance between HUD and the mortgagee automatically terminates. *See* 24 C.F.R. § 203.315 (2015).

*NRS 116.3116 is not preempted by the FHA insurance program*

Given the broad purposes of the FHA insurance program to expand and retain homeownership, Renfroe argues that the district court erred in finding that NRS 116.3116 is in direct conflict with the purposes of the FHA insurance regulatory scheme. We agree.

In two unpublished orders decided shortly after *SFR Investments*, the United States District Court for the District of Nevada appeared to embrace a broad interpretation of FHA regulation as it related to NRS 116.3116. *See Washington & Sandhill Homeowners Ass'n*

*v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN, GWF, 2014 WL 4798565, at *7 (D. Nev. 2014) (finding NRS 116.3116 to be preempted in instances where the first mortgage is insured by the FHA); *Saticoy Bay LLC v. SRMOF II 2012-1 Tr.*, No. 2:13-CV-1199 JCM (VCF), 2015 WL 1990076, at *4 (D. Nev. 2015) (finding that application of NRS 116.3116 would "hinder[ ] HUD's ability to recoup funds from insured properties"). However, two later, published opinions in the federal district court clearly reject the argument that NRS 116.3116 and the FHA insurance program are in direct conflict.

In *Freedom Mortgage*, the court observed that "[n]othing prevents a lender from simultaneously complying with HUD's program and Nevada's HOA-foreclosure laws. . . . The lender gets itself into this predicament only by ignoring HUD's directives." 106 F. Supp. 3d at 1184. The court noted that under HUD's guidelines, a lender is clearly required to protect its (and HUD's) interest in a property by paying any delinquent HOA assessments. *Id.* These expenses are 100 percent reimbursable under HUD's guidelines. *Id.* at 1185. When a lender fails to follow this directive, and the property is sold at an HOA foreclosure sale, any insurance contract with HUD terminates. *Id.* at 1184. Therefore, because the FHA regulatory scheme clearly contemplates a state statutory scheme such as NRS 116.3116, the court concluded that the doctrine of conflict preemption did not apply. *Id.* at 1186. Extensively citing the analysis of *Freedom Mortgage*, the United States District Court for the District of Nevada recently reiterated this conclusion in *JPMorgan Chase Bank v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d at 1166.

We agree with the holdings in *Freedom Mortgage* and *JPMorgan Chase* that no direct conflict exists between NRS 116.3116 and

the regulatory provisions of the FHA insurance program. First, as observed by the federal district court, NRS 116.3116 poses no risk of any direct loss to HUD because any contract of insurance with HUD terminates upon the lender's inability to convey marketable title. Second, to the extent Lakeview argues that NRS 116.3116 would have a deterrent effect on the willingness of banks to extend loans to the lower income buyers who participate in the FHA insurance program, HUD's guidelines specifically indicate that a bank will be completely reimbursed for the payment of any delinquent HOA assessments. Accordingly, there is no additional risk of loss to banks participating in the FHA insurance program, provided that those banks comply with HUD's directives.

Finally, Lakeview contends that NRS 116.3116 impairs a third interest: the goal of HUD and the FHA insurance program in maintaining homeownership and allowing homeowners the opportunity to participate in various foreclosure avoidance programs. Despite Lakeview's arguments, we do not find the provisions of NRS 116.3116 to conflict with this goal. As discussed above, HUD regulations clearly direct banks to make HOA assessment payments on behalf of delinquent homeowners from the time they first default. *See* Mortgagee Letter 2013-18, *Updated Clarification Regarding Title Approval at Conveyance*, at *2-3. Given this directive, as well as the fact that HUD will reimburse these expenses in the event the bank is required to pay them to prevent an HOA's foreclosure, NRS 116.3116 does not affect the ability of a lender and borrower to engage in foreclosure avoidance negotiations.

Because the HUD guidelines for the FHA insurance program clearly contemplate and anticipate state statutory schemes such as NRS 116.3116, the doctrine of conflict preemption does not apply in this case.

## CONCLUSION

HUD/FHA internal regulations anticipate and provide for a state statutory framework conferring superpriority status on HOA liens and expect a mortgagee to protect its interest accordingly. Consequently, the district court erred in concluding that the provisions of NRS 116.3116 were preempted when a homeowner's first mortgage was insured through the FHA insurance program. Therefore, we reverse the decision of the district court granting Lakeview's motion to dismiss and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

